# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ANTHONY TANKER,** | CASE NO. 1:19 CV 005 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| | **OPINION AND ORDER** |
| **SOCIAL SECURITY ADMIN.,** | |
| Defendant. | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Anthony Tanker filed this action against the Social Security Administration. In the Complaint, Plaintiff alleges the Defendant is not honoring a court-ordered settlement. He seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

## I. BACKGROUND

Plaintiff was convicted of two felonies in the United States District Court for the Northern District of Ohio on July 6, 2009. He pled guilty to Theft of Public Money in violation of 18 U.S.C. §§ 641 and 642, and Making False Statements in violation of 18 U.S.C. § 1001. The convictions were based on Plaintiff obtaining Social Security benefits to which he was not entitled by failing to disclose to the Social Security Administration that he had been married and

resided with his criminal co-defendant. The Court sentenced Plaintiff to 21 months in prison, and ordered him to pay restitution to the Social Security Administration in the amount of $36,096.28. The Court directed that restitution be paid at a rate of 10% of the Plaintiff's monthly Social Security Disability benefits.

Five years later, on October 30, 2014, the Social Security Administration awarded Plaintiff supplemental security income in the amount of $420.00 per month, as well as back benefits in the amount of $ 7,174.00. On January 20, 2015, the Social Security Administration notified Plaintiff that it would withhold all of his back benefits and his total monthly benefits until the restitution was paid in full.

Plaintiff filed a Petition for a Writ of Mandamus in March 2015, asking this Court to issue an order compelling the Commissioner of Social Security to pay his back benefits and to limit its withholding to only 10% of his monthly supplemental security income benefits based on the order in his criminal case. *Tanker v. Commissioner of Soc. Sec.*, No. 1:15 CV 469 (N.D. Ohio Aug. 24, 2015)(Polster, J.). The Court denied the Petition, stating that federal statutes and regulations authorized withholding the entire amount to recover losses caused by wrongful acts and the order in the criminal case did not limit this statutory authority. *Id.*

Plaintiff has now filed this action alleging the Social Security Administration is withholding all of his benefits and not just the 10% ordered in his criminal case. He does not offer legal authority. He simply renews his request for this Court to order the Social Security Administration to honor the criminal judgment entry and to award him monetary damages.

## II. LAW AND ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim

precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Plaintiff is therefore precluded from litigating this matter for a second time.

### III. CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: May 8, 2019

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.